Mr. Chief Justice Shepard
delivered the opinion of the Court:
This is a writ of error to review the judgment of the police court quashing an information.
The information charged that Corbin Thompson, under a contract to furnish milk to the Homeopathic Hospital in the city of Washington, furnished thereto “milk which was not of the best quality of milk (to wit, milk of an inferior quality, in that the said milk was stale or dirty, or both stale and dirty, and which contained fecal matter), there being more than one quality of said article of food known by the same name, without the said purchaser having requested an inferior article of milk, and without notifying the said purchaser at the time of such purchase that the said milk was of inferior quality,” in violation of sec. 2 of the act of Congress relating to the adulteration of foods and drugs in the District of Columbia, approved February 17, 1898 [30 Stat. at L. 246, chap. 25]. Section 2 of this act, after declaring the inclusion of the words “drug” and “food,” proceeds as follows: “And if there be more than one quality of any article of food or drug known by the same name,, the best quality thereof shall be furnished to the purchaser, unless he otherwise requests at the time of making such purchase, or unless he be notified at such time of the inferior quality of the article delivered.” This section, the violation of which, as well as of other provisions, is made punishable by sec. 9, goes-somewhat beyond the particular object of the act, which is the-prevention of the sale of adulterated articles of food and drugs,, and is intended to cover those cases where there may be different qualities or grades of food in the market, none of which', shall fall below the standard prescribed by the act, or be adulterated within its meaning. In such cases the purchaser shall be supplied with the best quality, unless he otherwise requests,. *422 or is notified at the time of the delivery that the article is of the inferior quality. That this was the purpose of sec. 2 is confirmed by the proviso in the succeeding section (3), which section declares what shall constitute adulteration within the meaning of the act. The information does not directly charge that there was more than one quality of standard and unadulterated milk, and that an inferior quality thereof was delivered without request therefor or notification that it was of such inferior quality. The charge is that the milk was of an inferior quality because it was stale or dirty, or both stale and dirty, and contained fecal matter. This does not show the delivery of an inferior article of standard and unadulterated milk within the prohibition of sec. 2, but of an adulterated article within the terms of sec. 3. Subdivision 5 of that section declares an article to be adulterated “if it consists wholly or in part of a diseased, decomposed, putrid, or rotten animal or vegetable substance, whether manufactured or not.” And subdivision 7 declares it to be adulterated “if it contains any added poisonous ingredient, or any ingredient which may render it injurious to the health of a person consuming it.” If, therefore, dirt or fecal matter contained in milk as a matter of fact consists in whole ■or in part of a diseased, decomposed, putrid, or rotten animal ■or vegetable substance, the milk is an adulterated article of food, within the meaning of paragraph S aforesaid, and its sale is an offense. If, on the other hand, the dirty or fecal matter contained does not consist of such diseased or rotten substances, but contains a poisonous ingredient, or any ingredient which may render it injurious to the health of the consumer, the sale of such milk is prohibited by subdivision 7.
The information failing to charge a violation of sec. 2, and not containing allegations sufficient to constitute a violation of sec. 3, the police court did not err in sustaining the motion tto quash.
The judgment is therefore affirmed. Affirmed.